SIGAL CHATTAH
Acting United States Attorney
Nevada Bar No. 8264
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6551
Fax: (702) 388-6418
Tony.Lopez@usdoj.gov

ANNA G. KAMINSKA
Senior Counsel
U.S. Department of Justice
1400 New York Avenue, N.W.
Tel: (202) 355-5715
Anna.Kaminska@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MARTIN SCHLAEPFER,<br><br>　　　　　Defendant. | Case No. 2:13-cr-439-KJD-MDC-5<br><br>**STIPULATION AND**<br>**PROTECTIVE ORDER** |

The United States, by and through its counsel of record, and defendant Martin Schlaepfer, by and through his undersigned counsel (collectively, hereinafter "the parties"), respectfully move for entry of a Protective Order governing discovery provided to the defendant in this matter in accord with the following Stipulation.

**STIPULATION**

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties, as follows:

Whereas, the parties recognize that various federal and state laws and regulations extend protections and limitations regarding the use, disclosure, or publication of information associated with the privacy and identity of an individual, including, but not limited to, social-security number, date of birth, address, telephone number, driver's license number, private financial information, banking information, and tax information, which is hereinafter collectively referred to as "Protected Personal Information" ("PPI");

Whereas, the parties recognize that discovery in the above-captioned case is voluminous and includes thousands of documents and other evidence containing PPI;

Whereas, the parties desire to provide for the timely and expeditious exchange of discovery while simultaneously guarding against the inappropriate use, disclosure, or publication of any PPI associated with any party;

Whereas, the parties recognize that federal law extends protections to materials that are subject to attorney-client privilege and/or work-product privilege;

Whereas, the government asserts that the trial attorneys and investigators for the government ("the Prosecution Team") submitted discovery materials for review by a government filter team, and the filter team withheld some materials from the Prosecution Team as potentially privileged;

Whereas, the government asserts that none of the members of the Prosecution Team have reviewed those potentially privileged materials or are aware of their contents;

Whereas, the parties desire to provide for the timely and expeditious exchange of discovery while simultaneously guarding against the inappropriate disclosure of privileged materials to the Prosecution Team or other parties;

Now, therefore, in light of the above, the parties have conferred on this matter and have reached agreement on the exchange and handling of materials provided in discovery as

set forth below and jointly request that the Court approve this agreement as a Federal Criminal Rule 16(d)(1) and a Federal Rule of Evidence 502(d) Protective Order governing discovery.

### Discovery Generally

1. All materials provided as discovery by the government, including, but not limited to, recordings, investigators' or agency reports, witness statements, memoranda of interviews, computer hard drives and other electronic media, and any other documents provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the record), in preparation for or in connection with any stage of the proceedings in this case, including pre-indictment, shall be referred to as "Discovery Materials."

2. The government may produce Discovery Materials to the defendant without redacting PPI.

3. Unless otherwise authorized by the Court, access to Discovery Materials produced by the government will be restricted to the defendant, his attorney of record, and any agents, contractors, or employees acting on behalf of the defendant and his attorney in connection with the above-captioned matter (hereinafter referred to collectively as "Authorized Person(s)").

4. Attorneys for the defendant will ensure that all Authorized Persons receive a copy of this Stipulation and are familiar with its terms and conditions.

5. Except when carrying out duties or when acting on behalf of the defendant and his attorney in connection with the above-captioned matter, an Authorized Person shall not, without leave of Court:

     a. grant or permit access to Discovery Materials by any non-Authorized Person.

     b. allow or permit any non-Authorized Person to read, review, or reproduce any Discovery Materials.

     c. distribute any Discovery Materials, by any means, to any non-Authorized Person.

     d. use or disclose Discovery Materials for any purpose other than in connection with the defense of the above-captioned matter.

     e. use or disclose Discovery Materials in connection with any pleadings or proceedings in the above-captioned matter without first redacting any PPI, unless the PPI is directly relevant to the matter at issue, in which case the PPI will be placed under seal.

     f. use or disclose PPI in connection with any pleadings or proceedings in the above-captioned matter unless the PPI is directly relevant to the matter at issue, in which case the PPI will be placed under seal.

6. An Authorized Person shall not, without leave of Court, permit any non-Authorized Person to retain any copies of Discovery Materials.

7. Nothing in the agreement shall be deemed an admission of the evidentiary or admissibility or inadmissibility of any of the Discovery Materials in any subsequent proceeding.

8. Nothing in this stipulation is intended to restrict the parties' use or introduction of the PPI as evidence at a hearing or trial, so long as appropriate redactions are made in accordance with LR IC 6-1.

WHEREFORE, the undersigned respectfully request that the Court accept and enter this Stipulation as the Protective Order governing discovery in this case.

Respectfully submitted,

SIGAL CHATTAH                     8/26/2025
Acting United States Attorney           Date

/s/ Richard Anthony Lopez
RICHARD ANTHONY LOPEZ
Assistant United States Attorney

/s/ Anna Kaminska                 9/3/2025
ANNA G. KAMINSKA                  Date
Senior Counsel
U.S. Department of Justice

/s/ William Brown                 8/26/2025
WILLIAM H. BROWN                  Date
Counsel for Defendant

**IT IS SO ORDERED**

This  8th  day of  September , 2025.

_____
HON. MAXIMILIANO D. COUVILLIER, III
UNITED STATES MAGISTRATE JUDGE